[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff obtained a judgment in the State of New Jersey against the corporate and individual defendant upon the failure of either defendant to appear in the action. The plaintiff now sues on that judgment in Connecticut. The corporate defendant did not contest the present action and, accordingly, judgment may enter for the plaintiff against the defendant NatConn Inc. in the amount of $7,012.89, the amount of the New Jersey judgment, and $175.00 in costs for a total judgment of $7,187.89.
The individual defendant, Carol Gannon, asserts that the New Jersey courts did not have jurisdiction over her on the CT Page 9266 grounds that there were insufficient minimum contacts to allow the State of New Jersey to constitutionally undertake jurisdiction of the claims made against her.
The individual defendant was an officer of the corporate defendant which operated a restaurant in the State of Connecticut. The individual defendant was not an employee of the corporate defendant nor did she perform any services with respect to that company except as herein noted. The individual defendant was an officer of ConnTaco, Inc., a corporation which operated a restaurant in the State of Connecticut, and her primary activities involved the operation of that company. The corporate defendant was initially connected with a national franchise operation and at that time the plaintiff provided the corporate defendant with various paper products. When the corporate defendant separated from the national franchise operation, the plaintiff required that a credit application be filed and that the debts of the corporate defendant be guaranteed. The individual defendant filed a credit application on behalf of the corporate defendant and also guaranteed the debts of the corporate defendant to the plaintiff. The corporate defendant was operated primarily by the husband and son of the individual defendant although the individual defendant would write checks in payment of accounts payable for the corporate defendant. The individual defendant did not take part in any negotiations on behalf of the corporate defendant, nor did she ever make any phone calls to the State of New Jersey, nor was she ever present in the State of New Jersey with respect to the guarantee or the supplying of paper products from the plaintiff to the corporate defendant. The issue is therefore presented as to whether the State of New Jersey may constitutionally exercise jurisdiction over a Connecticut resident who: 1) filed a credit application on behalf of a corporation; 2) guaranteed a debt of the defendant corporation; and 3) wrote checks in Connecticut in payment of accounts payable for the corporate defendant.
A due process analysis requires an examination of whether a nonresident defendant in a foreign state has "certain minimum contacts . . . such that the maintenance of the suit does not offend `traditional notions of fair play and substantial justice.'" International Shoe Co vs. Washington,326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L. Ed 95 (1945). "The twin touchstones of due process analysis under the CT Page 9267 minimum contact doctrine are foreseeablity [foreseeability] and fairness." U.S. Trust Co. vs. Bohart, 197 Conn. 34, 41 (1985). The doctrine of foreseeability is that the defendant's conduct in connection with the foreign state are such that he should reasonably anticipate being hailed into court in that state.World Wide Volkswagon Corp. v. Woodson, 444 U.S. 286, 297,100 S.Ct. 559, 567, 62 L.Ed. 2nd, [L.Ed.2d], 490 (1980).
This Court has previously held that the mailing of a guarantee by an individual for the debtor a corporation does not constitute the transaction of business within the meaning of the Connecticut General Statutes. See Shemin Nurseries,Inc. vs. Losco Group, Inc. et al, 7 C.S.C.R. 948 (July 16, 1992), (Rush, J.).
However the plaintiff claims that the State of New Jersey permits out of state service to the outer most limits permitted by the United States Constitution. See Avdel Corp.v. Mecure, 58 N.J. 264 (1971). It is true that the Avdel case, supra, emphasizes the impact upon the State of New Jersey as material to the undertaking of jurisdiction. However, that case also involved a situation where the defendant "followed up his order with numerous contracts here (in New Jersey) in relation to the contract." supra at 273. In the present case there is no contact between the individual defendant and State of New Jersey other than the signing and forwarding, on behalf of the defendant. corporation, an application for credit, the signing of checks for accounts payable of the defendant corporation, and the execution and mailing of the guarantee.
The court concludes that the individual defendant did not purposely avail herself of the privileges of conducting business activities in the State of New Jersey thereby invoking the benefits and protection of its law. See Hansonv. Dencla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed 2nd, [L.Ed.2d], 1283 1290 (1958); CPS Chemical Co. vs. McIntire, 1988 W.L. 112543 (D.N.J.).
Accordingly judgment may be entered in favor of the defendant, Carol Gannon, and in favor of the plaintiff as against the defendant, NatConn, in the amount of $7,187.89.
RUSH, JUDGE CT Page 9268